NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM ALFREDO URQUILLA-PINO, | No. 15-71786 |
| Petitioner, | Agency No. A205-847-670 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

William Alfredo Urquilla-Pino, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition for review.

Substantial evidence supports the finding that Urquilla-Pino failed to establish he would be persecuted on account of a protected ground, where the evidence in the record does not show that membership in his proposed social groups motivated or would motivate the gang activity Urquilla-Pino fears. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) ("[A petitioner] must establish that any persecution was or will be *on account of* his membership in such group.") In addition, an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Thus, Urquilla-Pino's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief, where Urquilla-Pino failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime" insufficient for CAT relief). Urquilla-Pino's contention that the BIA failed to give his claim thorough consideration is unsupported. *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**